IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KERRY INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-537-GPM |
| | ) |
| MID-AMERICA COLD STORAGE, L.L.C. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Kerry Inc., filed this action in July 2009, seeking to invoke federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c). Kerry Inc. is a Delaware corporation with its principal place of business in Wisconsin. (*See* Doc. 2, para. 1). Unfortunately, however, the Court cannot discern from the complaint whether the defendant, Mid-America Cold Storage, L.L.C. ("Mid-America"), is a diverse citizen (and the answer recently filed by Mid-America sheds no light on the issue).[1]

"[I]n a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." *Cosgrove v. Bartolotta*, 150

---

[1] The complaint alleges that "[u]pon information and belief, members of Mid-America are citizens of either Illinois or Missouri." (*See* Doc. 2, para. 2). In its answer to the complaint, Mid-America "admits that it is a limited liability company with its principal place of business located at 1000 Columbia Centre, Columbia, Illinois 62236 and that it is a citizen of the State of Illinois." (*See* Doc. 5, para. 2). Neither the complaint nor the answer identifies the members of Mid-America and their citizenship.

F.3d 729, 731 (7th Cir. 1998). In *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court articulated the general rule that "every association of a common law jurisdiction other than a corporation is to be treated like a partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 119 S. Ct. 339 (1998). Congress has chosen to establish special rules for determining the citizenship of certain kinds of associations - specifically, corporations, decedents' estates, and insurers named as defendants in direct actions, *see* 28 U.S.C. § 1332(c); however, because the statute is silent with respect to limited partnerships and limited liability companies, the Court must "apply the norm that all unincorporated associations are treated as partnerships." *Indiana Gas*, 141 F.3d at 318. Unincorporated business entities, *i.e.*, limited partnerships and limited liability companies, are treated as citizens of every state of which any partner or member is a citizen. *Id.* at 316-17. If Mid-America is in fact a limited liability company as alleged, the Court must know the citizenship of each of its members. And finally, an allegation based upon "information and belief" is insufficient to invoke this Court's jurisdiction. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P..*, 980 F.2d 1072, 1074 (7th Cir. 1992).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 199). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff shall file, on or before **October 15, 2009**, an

amended complaint that properly invokes this Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 9/24/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge
